## LINDSEY, et ux v. HARRA.

Circuit Court, Palm Beach County.

April 7, 1954.

Phillips & Nugent, West Palm Beach, for plaintiffs.

Earnest, Lewis, Smith & Jones, West Palm Beach, for defendant.

C. E. CHILLINGWORTH, Circuit Judge.

This cause was duly presented by counsel for the parties upon the plaintiffs' motion for a new trial.

It is urged that the verdict was wholly contrary to the manifest weight of the evidence, and that the court erred in giving defendant's requested instruction #4, set forth below—

> You are instructed, if you find from the evidence in this case that the plaintiffs' injuries were the result of an unavoidable accident, that you must then find for the defendant. An unavoidable accident is one which happens without fault of any person and is without or beyond one's foresight or expectation, when both parties exercise ordinary care and the injury resulting to one of them is, relative to them, the result of an unavoidable accident. Stated differently, the court recognizes that there may be pure accident for which no person is responsible. If you find, from all the evidence, that the injuries to the plaintiff were due to a pure accident, otherwise denominated an unavoidable accident, which cannot be attributed to the negligence of any person, then and in that event, plaintiffs cannot recover herein, and your verdict must be for the defendant.

The writer thought there was a sufficient basis in the record to warrant that charge, and still thinks so. I am really at a loss

to determine how the accident occurred. The more plausible basis is the story of the defendant, to the effect that he came up on the left hand side of the road, and was about to go around the truck in which the plaintiff was riding, when the truck swerved to the left. The defendant's car made slight contact with the truck in which the plaintiff was riding, but apparently it was sufficient to cause the driver of the truck, a colored man 60 years of age, to lose control of the truck. This resulted in the swerving to the right and then swerving to the left beyond the shoulder and overturning the truck. One cannot determine just when plaintiff was injured.

Plaintiff's theory is that the truck in which he was riding was on the right hand side of the road, and was struck from the rear by defendant's car. This is sustained by some of the witnesses, but these colored folks did not impress me as people who could testify positively on a matter in which they then were not concerned.

I therefore conclude that there was ample evidence to support the verdict. It is further strongly urged that a grave injustice has been done to this plaintiff. I agree with this. But the fault is not the fault of this defendant. Society is at fault.

The state of Florida permitted these two cars to be on the road. They were duly licensed. Through the operation of the cars by one of them, or both of them, and without the slightest fault on plaintiff's part, he has been grievously injured and his family, composed of his wife and five children deprived of their main support. Had he been an employee within the meaning of the Workmen's Compensation Act at the time, he would have been entitled to compensation without regard to fault, and without being required to prove by a preponderance of the evidence, whose negligence caused the injury to him.

In this state we have been considering the economic situation of those involved in automobile accidents on the public highways for only thirty years or so. We are using age old methods—costly, cumbersome and uncertain—to solve a new problem. Unless and until the legislature devises some sound and satisfactory method of dealing with this economic problem respecting injuries to those involved in automobile accidents, there is nothing the court can do except to follow the law as it now exists. The motion for new trial is denied.